# BUENAVENTURA AND RUFINO UBARRI
## *v.*
# JACINTO LORENZO LOPEZ LABORDE ET AL.

San Juan, Equity, No. 475.

This court will not, at the request of plaintiffs, issue a mandatory injunction to an insular court, requiring it to dismiss a suit filed there by defendants against plaintiffs. Courts of concurrent jurisdiction never proceed in that way. In a proper case this court might restrain

Buenaventura v. Laborde.

defendants from proceeding in any other court, but it would be wholly improper to attempt to issue process against the court itself.

Memorandum filed February 16th, 1909.

*Mr. F. H. Dexter,* attorney for plaintiffs.

*Messrs. Sweet, Rossy & Campillo,* attorneys for defendants.

RODEY, Judge, filed the following memorandum:

The bill in this case is a very peculiar one. Its prayer is for a mandatory injunction to force these defendants to dismiss a suit they have brought in an insular district court. That proposition to start with is untenable. In a proper case they might be enjoined from proceeding with such a suit, but no court of concurrent jurisdiction will go farther than that.

Complainants allege that respondents tried to get a judgment against them in this court, but failed, and were forced to dismiss their suit against complainants for lack of jurisdiction. That respondents then recovered judgment here against a remaining defendant, but that since that time respondents have virtually filed their suit over again in an insular court, against complainants, although the latter had been dismissed out of this court on the question of jurisdiction.

The present respondents, who are the complainants in the suit at law tried in this court some time ago, filed what they call a plea to the present bill, but which, in our judgment, is more in the nature of an attempt to answer. The issue is to strike this alleged plea from the files. We do not think it

Buenaventura v. Laborde.

is necessary to pass on this issue, because, from an examination of the bill, we can see no equity in it, and therefore it will be dismissed with costs, and it is so ordered.